IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTRON SMITH,
        Plaintiff,
    v.                            Case No. 3:12-cv-54-KRG-KAP
KENNETH CAMERON, WARDEN, S.C.I.
CRESSON, et al.,
        Defendants

### Report and Recommendation

#### Recommendation

Pending is the Fed.R.Civ.P. 12(b)(6) motion by four of the five named defendants to dismiss the complaint for failing to state a claim, docket no. 7. It should be granted. In the alternative, screening under 28 U.S.C.§ 1915A leads to the same result as to all five defendants: the complaint should be dismissed without leave to amend.

#### Report

Plaintiff Antron Smith is incarcerated in the state prison system. Looking at the state court docket sheets, it appears that Smith is almost 40 years old and is confined for a term of 5-10 years after conviction of various sexual offenses in Philadelphia in 2004. In a complaint filed in the Eastern District of Pennsylvania and transferred here, Smith alleged that he slipped on a wet floor in June 2009 and injured his knee. While receiving treatment from a "segorn who examined [his] knee," Smith allegedly was told by this surgeon that he needed a knee replacement. Smith filed a complaint alleging that defendants are violating his rights under the Eighth Amendment, see Estelle v. Gamble, 429 U.S. 97, 106

(1976), and Carlson v. Green, 446 U.S. 14, 17-18 (1980), by not providing him with a knee replacement. Smith wants money for the delay in providing the knee replacement. Smith does not specifically ask for an injunction ordering defendants to provide him with a knee replacement, but I presume that is intended.

Smith's complaint does not say what four of the defendants have done that makes them liable; as in the majority of inmate complaints, the defendants appear to be named because of their job assignment. Three named defendants (Cameron, Boyles, and Luther) are corrections personnel, one (Doug Bopp) is the administrator of the prison health care program, and one, Doctor Jack Zimmerly, who has not been served, is allegedly the medical director at Cresson. While inmates have a right that prison officials not be deliberately indifferent to providing care for their serious medical needs, Estelle v. Gamble, supra, 429 U.S. at 106, in the absence of truly unusual circumstances (not alleged here), corrections personnel and medical administrators who defer to the recommendations of treating medical personnel within a normally functioning system cannot be deliberately indifferent and so do not have the requisite subjective state of mind for liability. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004). For Smith's benefit, what that means is that even if a doctor somewhere once told him that he needed a knee replacement, the personnel at Cresson are not liable because the doctor there is

telling them something else. Plaintiff does not allege that the other four defendants are ignoring what Zimmerly is telling them.

As for Doctor Zimmerly, Smith attaches his recent correspondence by grievance slip with Zimmerly, and it appears that in December 2011, Zimmerly wrote an order for a consultation with an outside orthopedic physician to get a second opinion. Prior to that, in July 2011, Zimmerly scheduled Smith to have injections of an artificial synovial fluid for his knee. Plainly Zimmerly is neither unaware of Smith's complaints nor refusing to treat them. The Supreme Court has defined the "deliberate indifference" element of an Estelle v. Gamble claim to require knowing disregard of a serious medical need, not disregard of an inmate's demands or of an inmate's threats to file a lawsuit:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). Knowing disregard of another doctor's recommendation, which is the most that Smith's complaint can be interpreted as alleging against Zimmerly, is not equivalent to alleging knowing disregard of a risk of serious harm. As the Supreme Court stated:

In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability **if they responded reasonably to the risk,** even if the harm ultimately was not averted. (my emphasis)

3

Id., 511 U.S. at 844.

It should not be forgotten that Estelle v. Gamble held that the decision by medical staff not even to order an x-ray for an inmate who complained of back pain after a 600 pound bale fell on him, was not deliberate indifference. Plainly Zimmerly has been far more active in providing care to Smith, and plainly believes that he is quite on top of Smith's medical needs. That Zimmerly's judgment might differ from the comment of the unknown surgeon who allegedly told Smith that he needed a knee replacement before age 40 for a slip and fall injury is not even an allegation that would suffice for a negligence complaint, much less a claim that defendants have violated the Constitution.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), plaintiff is not given leave to amend his complaint further. No plausible amendment will state a federal claim; the state courts are open to any claim of negligence Smith might possibly allege; and it is inequitable to allow further diversion of taxpayer dollars from providing medical care to inmates to answering meritless lawsuits, especially by requiring defendants who have already filed a motion to dismiss to hit a repeatedly moving target.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: _____     _____
Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

> Antron Smith FN-8225
> S.C.I. Cresson
> P.O. Box A
> Cresson, PA 16699-0001